**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHINICE MCFEATERS, and JACOREY GUIDRY individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE'S BEER BAR, LLC d/b/a MIKE'S BEER BAR / NORTH SHORE TAVERN, and MICHAEL C. SUKITCH,<br><br>Defendants. | Civil Action No.: 26-00696-MJH<br><br>Collective and Class Action<br><br>JURY TRIAL DEMANDED<br><br>Electronically Filed |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Shinice McFeaters and Jacorey Guidry, individually and on behalf of all other similarly situated individuals, bring this action against Defendants Mike's Beer Bar, LLC, d/b/a Mike's Beer Bar / North Shore Tavern, and Michael C. Sukitch, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 331.101 *et seq.,* the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*, and the common law doctrine of unjust enrichment.

**PARTIES**

1. Plaintiff, Shinice McFeaters, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides in Allegheny County, Pennsylvania. She was employed by Defendants as a bartender from March 2023 until July 30, 2026. Ms. McFeaters was an "employee" of Defendants within the meaning of the FLSA, PMWA, and WPCL.

2. Ms. McFeaters brings this action on behalf of herself and all bartenders, servers, and hosts employed by Defendants at any time during the period beginning four years prior to the filing of this lawsuit and continuing through the present (hereinafter the "Putative Class").

3. Plaintiff, Jacorey Guidry, is an adult individual and citizen of the State of Louisiana. He was employed by Defendants as a bartender and server from March 2024 until April 6, 2026. Mr. Guidry was an "employee" of Defendants within the meaning of the FLSA, PMWA, and WPCL.

4. Mr. Guidry brings this action on behalf of himself and all bartenders, servers, and hosts employed by Defendants at any time during the period beginning four years prior to the filing of this lawsuit and continuing through the present (hereinafter the "Putative Class").

5. Defendant, Mike's Beer Bar, LLC d/b/a Mike's Beer Bar / North Shore Tavern ("Mike's Beer Bar"), is a Pennsylvania limited liability company or other legal entity with a principal place of business located at 110 Federal Street, Pittsburgh, Pennsylvania 15212. Mike's Beer Bar operates under the name "Mike's Beer Bar" out of a location at 110 Federal Street, Pittsburgh, Pennsylvania 15212. Mike's Beer Bar operates under the name "North Shore Tavern" out of a location at 120 Federal Street, Pittsburgh, Pennsylvania 15212. Mike's Beer Bar is currently, or was previously, an "employer" of Ms. McFeaters, Mr. Guidry and the Putative Class under the FLSA, PMWA, and WPCL.

6. Defendant, Michael C. Sukitch, is an adult individual and citizen of the Commonwealth of Pennsylvania. Mr. Sukitch is the owner of Mike's Beer Bar and is involved in the day-to-day management of the company, including but not limited to the pay and compensation practices for Ms. McFeaters, Mr. Guidry, and the Putative Class. Mr. Sukitch directly benefits from the work of the employees of Mike's Beer Bar. Mr. Sukitch exercises operational control

over all the terms and conditions of work for the employees of Mike's Beer Bar, including but not limited to: determining employee salaries, controlling corporate checking and payroll accounts, and acting for Mike's Beer Bar to devise, direct, supervise, and implement wage and hour policies and practices challenged in this action. As such, Mr. Sukitch is currently, or was previously, an "employer" of Ms. McFeaters, Mr. Guidry and the Putative Class under the FLSA, PMWA, and WPCL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

8. Venue is proper in the United States District Court for the Western District of Pennsylvania ("District") pursuant to 28 U.S.C. § 1391 because Defendants operate in this District, Ms. McFeaters, Mr. Guidry and the Putative Class were employed in and reside in this District, and/or the transactions and occurrences giving rise to these claims took place in this District.

## FACTUAL BACKGROUND

### A. Defendants are Violating the FLSA and PMWA by Unlawfully Paying Managers and Supervisors Tips out of the Tip Pool That are the Property of the Putative Class.

9. Under both the FLSA and PMWA, employers are prohibited from keeping tips received by their tipped employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips. *See* 29 U.S.C. § 203(m)(2)(B); *see also* 34 Pa. Code § 231.111 (incorporating the United States Department of Labor Standards contained in 29 C.F.R. § 531.56 as they existed on May 7, 2022).

10. Although the FLSA and PMWA allow employers to operate a "tip pool" among their tipped employees, employers are prohibited from allowing managers and supervisors to receive tips out of the tip pool. *See id.*

11. Tips in a tip pool belong to the tipped employees. An employer may only utilize tips as a lawful tip credit or in furtherance of a valid tip pooling arrangement. *See* 29 U.S.C. § 203(m).

12. Managers and supervisors may not keep any portion of employees' tips or share in a tip pool. *See id.* If managers and/or supervisors receive tips out of a tip pool, the tip pool is unlawful under the FLSA and PMWA, and the employer is not permitted to take a tip credit. *See id*.

13. Defendants operate a single legal entity as a bar/restaurant under two separate names—Mike's Beer Bar and North Shore Tavern—in the North Shore neighborhood of Pittsburgh, Pennsylvania. Both bars/restaurants share a single kitchen and share common employees. The employment policies and practices of both Mike's Beer Bar and the North Shore Tavern are the same, with respect to terms and conditions of employment, hours, and compensation practices. Defendants' restaurants are open seven days a week, approximately 12 hours a day, from 11:00 AM to 11:00 PM.

14. Defendants have employed more than forty employees in tipped occupations, including servers, hosts, and bartenders (collectively the "Tipped Employees").

15. Defendants pay their Tipped Employees a sub-minimum hourly wage rate under the tip-credit provisions of the FLSA and the PMWA.

16. Over the past four years, Defendants have employed more than forty individuals as Tipped Employees.

17. When paying their Tipped Employees, Defendants utilize a tip pool. All the tips received by Tipped Employees during a shift are pooled. At the end of the shift, the pool is divided and distributed. Each Tipped Employee is paid a pro rata share of the tips based on the hours they had worked during that shift. Participation in the tip pool is a mandatory term and condition of employment for the Tipped Employees.

18. However, managers and supervisors also receive a share of the tips received by the Tipped Employees based upon their hours worked.

19. Moreover, managers and supervisors have control over when Tipped Employees are sent home. As such, managers and supervisors can increase their share of the tip pool by sending Tipped Employees home early.

20. By allowing managers and supervisors to receive a share of tips from the tip pool, Defendants are violating the FLSA's and the PMWA's prohibition against managers and supervisors receiving tips out of the tip pool. As a result, the Tipped Employees have lost significant wages, including tips, because Defendants unlawfully redistributed tips they were legally entitled to receive out of the tip pool to managers and supervisors.

**B. Defendants are Violating the FLSA and PMWA by Taking a Tip Credit When the Putative Class Performs Work That is Unrelated to Tip Generating Work.**

21. Under the PMWA, if a tipped employee is required to perform work that is unrelated to tip generating work, the employer may not take a tip credit for the time spent on that work and must instead pay the minimum wage of at least $7.25 per hour. *See* 34 Pa. Code § 231.111 (incorporating 29 C.F.R. § 531.56(f)(5) (2022)).

22. Under the FLSA, when an employee is employed in a dual job, where one is a tipped job and the other is not, the employer may not take a tip credit for time an employee spends

performing work in the non-tipped job. *See* 29 C.F.R. § 531.56(e). As such, if an employee is functionally performing a dual job—such as the duties of a tipped server and the duties of a janitor—the employer may not take a tip credit for the all the time worked and must instead pay the minimum wage of at least $7.25 per hour for the time that the employee is performing the duties of a janitor. *See id*.

23. Defendants employ Tipped Employees in dual jobs where they perform janitorial work, and other work, that is unrelated to tip generating work. This work includes, but is not limited to: checking and cleaning the bathrooms as needed, cleaning the floors, and wiping down tables. In addition to their janitorial responsibilities, Tipped Employees are expected to perform various other non-tip generating tasks, such as setting tables, checking stock, and re-stocking as needed.

24. Most notably and time consuming, tipped employees are responsible for opening and closing the restaurants. These tasks include cleaning tables, cleaning floors, cleaning bathrooms, setting up and taking down chairs.

25. Work unrelated to tip generating work takes up a significant portion of the Tipped Employees' scheduled shifts.

26. When Ms. McFeaters, Mr. Guidry and the Putative Class perform work that is unrelated to tip generating work, Defendants still take a tip credit and pay below minimum wage even though this practice is unlawful under both the FLSA and PMWA.

27. By taking a tip credit when Tipped Employees perform work that is unrelated to tip generating work, Defendants are violating the FLSA and PMWA. As a result, the Tipped Employees have lost significant wages because Defendants should not have taken a tip credit and

instead should have paid them at least the minimum wage of $7.25 per hour when performing work that was unrelated to tip generating work.

**C. Defendants are Violating the PMWA by Taking a Tip Credit When the Putative Class Spends More Than 20% of Their Weekly Working Hours on Duties That are Related to Tip Generating Work.**

28. In 2022, the PMWA incorporated the U.S. Department of Labor's 80-20 Rule for tipped employees contained in 29 C.F.R. § 531.56 as the regulations existed on May 7, 2022. *See* 34 Pa. Code § 231.111.

29. Under the 80-20 Rule, an employee for whom the employer takes a tip credit may not spend more than 20 percent of their weekly working hours on duties that are related to tip generating work, but do not directly generate tips. *See* 29 C.F.R. § 531.56(f) (2022) (amended 2024). The 20 percent of work that is permitted to be related to duties that generate tips, includes, but is not limited to duties such as preparing tabletop condiments, wrapping silverware, and refilling napkin holders. *See id*.

30. Furthermore, the 80-20 Rule does not allow employer to take a tip credit for any time spent on activities that are related to tip generating work that exceeds 20 percent of their weekly working hours. *See id*. Thus, time spent on activities related to tip generating work that exceeds the 20 percent threshold must be compensated at a rate of at least $7.25 per hour.

31. Defendants required the Tipped Employees to spend more than 20 percent of their weekly working hours on activities that were related to tip generating work, but do not directly generate tips. However, Defendants continued to take a tip credit for the time exceeding the 20 percent cap. By doing so, Defendants are violating the PMWA's 80-20 Rule.

32. As a result, the Tipped Employees have lost significant wages because Defendants should not have taken a tip credit and instead should have paid them at least the minimum wage of $7.25 per hour for time spent on activities related to tip generating work that exceeded the 20 percent cap.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. The Case Should be Certified as an "Opt-In" Collective Action Under the FLSA.

33. Ms. McFeaters and Mr. Guidry bring this action under 29 U.S.C. § 216(b) as an "opt-in" collective action on behalf of all similarly situated individuals who worked for Defendants as a bartender, server, or host at any time during the period beginning four years prior to the filing of this lawsuit and continuing through the present

34. There are more than forty individuals who worked at bartenders, servers, and hosts during the relevant period.

35. At all relevant times, Plaintiffs and these individuals are and have been similarly situated, have had similar job requirements, are subject to the same pay practices, and have been subject to the same unlawful pay practices of Defendant.

36. These individuals would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join in the lawsuit.

### B. The Case Should be Certified as a Class Action Under Fed. R. Civ. P. 23.

37. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs also bring this action pursuant to the PMWA, WPCL, and Unjust Enrichment on behalf of all similarly situated

individuals who worked for Defendants as a bartender, server, or host at any time during the period beginning four years prior to the filing of this lawsuit and continuing through the present.

38. As there are more than forty members of the Putative Class, the number of Putative Class Members is so numerous that joinder of individual members in this action is impracticable.

39. There are common questions of law and fact, including whether Defendants' pay practices violate the rights of the Putative Class under the PMWA and WPCL, as well as whether Defendants were unjustly enriched by their pay practices.

40. For the same reasons, the claims of Ms. McFeaters are typical of the claims of the Putative Class and thus there is no conflict of interest between Ms. McFeaters and the Putative Class.

41. Likewise, the claims of Mr. Guidry are typical of the claims of the Putative Class and thus there is no conflict of interest between Mr. Guidry and the Putative Class.

42. Ms. McFeaters, Mr. Guidry, and their legal counsel will fairly and adequately protect the interests of the Putative Class. Ms. McFeaters and Mr. Guidry's legal counsel are experienced and capable class action litigators and will fairly and adequately represent the interests of the Putative Class.

43. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(1)(A). The prosecution of separate actions by individual members of the Putative Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

44. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Defendants have acted on grounds generally applicable to the classes by subjecting all of them to the unlawful pay practices described above.

45. This action is maintainable as a class action under Federal Rule of Civil Procedure Rule 23(b)(3), as the common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT ONE**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

46. Ms. McFeaters, Mr. Guidry and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

47. Defendants individually and collectively constitute an "employer" of Ms. McFeaters, Mr. Guidry and the Putative Class within the meaning of the FLSA.

48. Ms. McFeaters, Mr. Guidry and the members of the Putative Class each constitute an "employee" of Defendants within the meaning of the FLSA.

49. At all times relevant hereto, Ms. McFeaters, Mr. Guidry and the Putative Class were hourly, non-exempt employees of Defendants under the FLSA.

50. Defendants violated the FLSA by (a) allowing managers and supervisors to receive tips out of the tip pool even though such tips belonged to the Tipped Employees, and (b) taking a tip credit when the Tipped Employees were functionally performing a dual job and should have received the full minimum wage of $7.25 per hour for the non-tipped job responsibilities.

51. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with their requirements.

52. Ms. McFeaters, Mr. Guidry and the Putative Class are entitled, pursuant to 29 U.S.C. § 216(b), to receive actual damages in the amount of (a) the unpaid tip pool wages they were entitled to receive, and (b) the unlawful tip credit Defendants took for their work.

53. Defendants willfully violated the requirements of the FLSA with respect to its compensation practices for Ms. McFeaters, Mr. Guidry and the Putative Class.

54. Defendants did not act in good faith or have reasonable grounds to believe their pay practices complied with the FLSA. As such, Ms. McFeaters, Mr. Guidry and the Putative Class are entitled, pursuant to 29 U.S.C. § 216(b), to receive liquidated damages in an amount equal to the unpaid wages owed by Defendants under the FLSA.

55. Ms. McFeaters, Mr. Guidry and the Putative Class are also entitled, pursuant to 29 U.S.C. § 216(b) to an award of award of reasonable attorneys' fees, expert fees, expenses, and costs.

## COUNT TWO

## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

56. Ms. McFeaters, Mr. Guidry and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

57. Defendants individually and collectively constitute an "employer" of Ms. McFeaters, Mr. Guidry and the Putative Class within the meaning of the PMWA.

58. Ms. McFeaters, Mr. Guidry and the members of the Putative Class each constitute an "employee" of Defendants within the meaning of the PMWA.

59. At all times relevant hereto, Ms. McFeaters, Mr. Guidry and the Putative Class were hourly, non-exempt employees of Defendants under the PMWA.

60. Like the FLSA, the PMWA prohibits Defendants from paying managers/supervisors out of a tip pool.

61. The PMWA also prohibits Defendants from taking a tip credit for work that is neither tip generating, nor directly related to duties that are tip generating.

62. The PMWA further prohibits Defendants from taking a tip credit for work where more than twenty percent of the time is spent on work that is not tip generating, but is directly related to duties that are tip generating.

63. However, in violation of the PMWA, Defendants took a tip credit for work by Ms. McFeaters, Mr. Guidry and the Putative Class that was neither tip generating, nor directly related to duties that are tip generating.

64. Furthermore, in violation of the PMWA, Defendants took a tip credit for work by Ms. McFeaters, Mr. Guidry and the Putative Class even when more than twenty percent of their time was spent on work that was not tip generating, but was directly related to duties that were tip generating.

65. Ms. McFeaters, Mr. Guidry and the Putative Class are entitled, pursuant to 43 P.S. § 333.113, to receive actual damages in the amount of (a) the unpaid tip pool wages they were entitled to receive, and (b) the unlawful tip credit Defendants took for their work.

66. Ms. McFeaters, Mr. Guidry and the Putative Class are also entitled, pursuant to 43 P.S. § 333.113 to an award of award of reasonable attorneys' fees, expert fees, expenses, and costs.

## COUNT THREE

## VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

67. Ms. McFeaters and Mr. Guidry reallege and restate the above paragraphs as if fully alleged and stated herein.

68. Defendants individually and/or collectively constitute an "employer" of Ms. McFeaters, Mr. Guidry and the Putative Class within the meaning of the WPCL.

69. Ms. McFeaters, Mr. Guidry and the Putative Class each constitute an "employee" of Defendants within the meaning of the WPCL.

70. The amounts owed by Defendants to Ms. McFeaters, Mr. Guidry and the Putative Class are unpaid "wages" within the meaning of the WPCL.

71. Ms. McFeaters, Mr. Guidry and the Putative Class are entitled, pursuant to Section 9a(b) of the WPCL, 43 P.S. § 260.9a(b), to receive actual damages in the amount of all unpaid wages owed by Defendants.

72. Defendants did not have a good-faith contest or dispute of the wage claims of Ms. McFeaters, Mr. Guidry and the Putative Class accounting for such non-payment.

73. The unpaid wages Defendants owe to Ms. McFeaters, Mr. Guidry and the Putative Class for each of their affected paychecks have remained unpaid for more than thirty (30) days beyond the applicable regularly scheduled pay days during the relevant period and have still not been paid to date. In addition, the shortages in each affected paycheck for Ms. McFeaters, Mr. Guidry and each member of the Putative Class exceed five percent (5%) of the gross wages payable on two regularly scheduled pay days in the same calendar quarter.

74. Each affected paycheck for Ms. McFeaters, Mr. Guidry and the Putative Class constitutes a separate and distinct violation of the WPCL by Defendants for a separate and distinct liquidated damages calculation must be performed.

75. Based upon the conduct of Defendants as alleged above, Ms. McFeaters and the Putative Class are entitled, pursuant to Section 10 of the WPCL, 43 P.S. § 260.10, to receive liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due, or five-hundred dollars ($500.00), whichever is greater, per affected paycheck for each member of the Putative Class that Defendants failed to pay all wages owed.

76. Ms. McFeaters, Mr. Guidry and the Putative Class are also entitled, pursuant to Section 9a(f) of the WPCL, 43 P.S. § 260.9a(f), to an award of award of reasonable attorneys' fees, expert fees, expenses, and costs.

**COUNT FOUR**

**UNJUST ENRICHMENT**

77. Ms. McFeaters and Mr. Guidry reallege and restate the above paragraphs as if fully alleged and stated herein.

78. Ms. McFeaters, Mr. Guidry and the Putative Class conferred a benefit upon Defendants in the form of their labor for and on behalf of Defendants in the provision of services for Defendants' customers.

79. Defendants enjoyed a substantial benefit from the labor of Ms. McFeaters, Mr. Guidry and the Putative Class on behalf of Defendants.

80. Despite receiving this benefit, Defendants have failed to pay Ms. McFeaters, Mr. Guidry and the Putative Class the full value of their (a) tip pool wages they are entitled to receive in

exchange for their labor, and (b) work that was neither tip generating nor directly related to duties that are tip generating.

81. Defendants accepted and retained the benefits of the labor of Ms. McFeaters, Mr. Guidry and the Putative Class under circumstances that make it inequitable for Defendants to retain the benefit of that labor without paying the full value of their (a) tip pool wages they are entitled to receive in exchange for their labor, and (b) work that was neither tip generating nor directly related to duties that are tip generating.

82. Notably, Defendants are enriched through both schemes through increased profits because (a) allowing managers and supervisors to unlawfully share in the tip pool allows Defendants to pay their managers and supervisors a lower hourly rate than they would otherwise have to pay, and (b) unlawfully taking tip credit for certain work allows Defendants to avoid paying minimum wages for such work.

83. Ms. McFeaters, Mr. Guidry and the Putative Class are entitled to restitution in the amount of the full value of their (a) tip pool wages they are entitled to receive in exchange for their labor, and (b) work that was neither tip generating nor directly related to duties that are tip generating.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. McFeaters, Mr. Guidry and the Putative Class respectfully seek the following relief:

A. Lost wages in the amount of all unpaid tip pool wages and unpaid minimum wages that Ms. McFeaters, Mr. Guidry and the Putative Class were legally entitled to receive;

B. An injunction prohibiting Defendants from continuing to violate the FLSA, PMWA, and WPCL;

C. A declaratory judgment that Defendants have willfully and in bad faith violated the FLSA and did not have a good-faith contest of the unpaid wages under the WPCL;

D. An order requiring Defendants to provide a complete and accurate accounting of all unpaid tip pool wages and unpaid minimum wages owed to Ms. McFeaters and the Putative Class;

E. An order certifying a collective action based upon the claim under the FLSA;

F. An order certifying a class action under Fed. R. Civ. P. 23 based upon claims under the PMWA, WPCL, and Unjust Enrichment;

G. An order certifying Ms. McFeaters and Mr. Guidry as representatives of the FLSA, PMWA, WPCL, and Unjust Enrichment Putative Classes and appointing Plaintiffs' Counsel as Class Counsel;

H. An order authorizing the sending of appropriate notice to current and former employees of Defendants during the period beginning four years prior to filing and continuing through the present who are potential members of the FLSA, PMWA, WPCL, and Unjust Enrichment Putative Classes;

I. Liquidated damages;

J. Reasonable attorneys' fees, expert fees, expenses, and costs;

K. Pre- and post-judgment interest; and

L. Such further legal or equitable relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Ms. McFeaters, Mr. Guidry and the Putative Class hereby demand a trial by jury in this action of all issues so triable.

Respectfully Submitted,

JUBELIRER, PASS & INTRIERI, P.C.

BY: *___/s/ Steven E. Winslow___*
Steven E. Winslow, Esquire
Pa. I.D. # 319437
E-mail: sw@jpilaw.com

*___/s/ Joseph S. Pass___*
Joseph S. Pass, Esquire
Pa. I.D. # 88469
E-mail: jsp@jpilaw.com

*___/s/ J. Skye McCollum___*
J. Skye McCollum, Esquire
Pa. I.D. # 336431
E-mail: jsm@jpilaw.com

*___/s/ Calder M. Buisch___*
Calder M. Buisch, Esquire
Pa. I.D. # 336481
E-mail: cmb@jpilaw.com

219 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15222
Phone: 412-281-3850
Fax: 412-281-1985

*Plaintiff's Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2026, a true and correct copy of Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial was served upon the Defendant's counsel of record in this action electronically via CM/ECF.

*/s/ Steven E. Winslow*
Steven E. Winslow, Esquire